**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **TILLIE JACKSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. WGC-16-1050 |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM & ORDER**

On February 18, 2016, in the District Court of Maryland for Prince George's County, Plaintiff Tillie Jackson ("Plaintiff" or "Ms. Jackson") brought this action against Defendant Washington Metropolitan Area Transit Authority ("Defendant" or "WMATA") alleging negligence. According to the Complaint on March 30, 2013 at approximately 2:30 p.m., Ms. Jackson was stopped at a traffic light on 2nd Street, N.W., by the intersection of H Street, N.W. in Washington, D.C. Patrick Adams, an agent, servant, and/or employee of WMATA was operating a Metro Bus which struck the rear of the vehicle operated by Ms. Jackson. *See* ECF No. 2 at 4 ¶¶ 3-7. On April 8, 2016 WMATA removed this case to this court. *See* ECF No. 1.

On May 5, 2016 the parties consented to proceed before a United States Magistrate Judge for all further proceedings in the case and the entry of a final judgment. *See* ECF Nos. 9-10. The following day the case was referred to the undersigned. *See* ECF No. 11. Pending before the court and ready for resolution is Ms. Jackson's Motion for Summary Judgment (ECF No. 16). WMATA filed a Response (ECF No. 17) and Ms. Jackson filed a Reply (ECF No. 20). No

hearing is deemed necessary and the court now rules pursuant to Local Rule 105.6 (D. Md. 2016).

## BACKGROUND

On September 14, 2016 Ms. Jackson served her Answers to WMATA's First Set of Interrogatories. In response to Interrogatory No. 5 ("Describe in detail the facts as to how you contend that the occurrence took place."), Ms. Jackson answered as follows:

> On or about March 30, 2013, at approximately 2:28 p.m., Plaintiff was in a motor vehicle, stopped on H Street, at or near its intersection with 2nd Street in Washington, D.C. At the same time and approximate location, Patrick Adams was operating Metro-Bus, traveling on 2nd Street towards the intersection of 2nd Street and H Street. At all times therein relevant, Patrick Adams was acting as the agent, servant, and/or employee of Defendant, was operating the Metro-Bus with the express permission of Defendant, and was operating said motor vehicle in furtherance of his employment with Defendant. Patrick Adams, who failed to pay proper time and attention to the roadway, made a left-hand turn onto H Street and struck Plaintiff's vehicle.

ECF No. 16-2 at 3-4. Three weeks prior to Ms. Jackson serving her Answers, on August 23, 2016, Ms. Jackson's counsel served WMATA's counsel with Plaintiff's Request for Admission of Facts and Genuineness of Documents by e-mail and by first class mail. *See* ECF No. 16-2 at 10, 11-16. WMATA's Responses were due *September 26, 2016*.[1] As of October 11, 2016, the date Ms. Jackson moved for summary judgment, WMATA had not admitted, objected, answered, or otherwise responded to Plaintiff's Requests for Admission. ECF No. 16-1 at 4.

Ms. Jackson's Requests for Admission are as follows:

> 1. On or about March 30, 2013, at approximately 2:28 p.m., Plaintiff was in a motor vehicle, stopped on H Street, at or near its intersection with 2nd Street in Washington, D.C.

---

[1] Thirty (30) days per Federal Rule of Civil Procedure 36(a)(3), plus three (3) days mailing per Federal Rule of Civil Procedure 6(d).

2. At the same time and approximate location, Patrick Adams was operating Metro-Bus, traveling on 2nd Street towards the intersection of 2nd Street and H Street.

3. At all times therein relevant, Patrick Adams was acting as the agent, servant, and/or employee of Defendant, was operating the Metro-Bus with the express permission of Defendant, and was operating said motor vehicle in furtherance of his employment with Defendant.

4. Patrick Adams, who failed to pay proper time and attention to the roadway, made a left-hand turn onto H Street and struck Plaintiff's vehicle.

5. Plaintiff in no way caused or contributed to the accident in question.

6. That, as a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and possibility permanent physical injuries, pain and suffering, psychological harm, and other damages.

7. That the previously produced bill from Fort Washington Medical Center in the amount of $328.61 is admissible under Federal Rule of Evidence 803(6) as a record of a regularly conducted business activity.

8. That the previously produced bill from Fort Washington Medical Center in the amount of $328.61 satisfies the requirements for authentication and identification as set forth in Federal Rule of Evidence 901(a).

9. That the previously produced bill from Fort Washington Medical Center in the amount of $328.61 is fair, reasonable, and customary.

10. That the previously produced bill from Fort Washington Medical Center in the amount of $328.61 is causally related to the subject motor vehicle accident.

11. That the previously produced bill from Greater Washington Emergency Physicians in the amount of $459.00 is admissible under Federal Rule of Evidence 803(6) as a record of a regularly conducted business activity.

12. That the previously produced bill from Greater Washington Emergency Physicians in the amount of $459.00 satisfies the requirements for authentication and identification as set forth in Federal Rule of Evidence 901(a).

13. That the previously produced bill from Greater Washington Emergency Physicians in the amount of $459.00 is fair, reasonable, and customary.

14. That the previously produced bill from Greater Washington Emergency Physicians in the amount of $459.00 is causally related to the subject motor vehicle accident.

15. That the previously produced bill from Dr. Choi Associates, LLC, in the amount of $8,794.00 is admissible under Federal Rule of Evidence 803(6) as a record of a regularly conducted business activity.

16. That the previously produced bill from Dr. Choi Associates, LLC, in the amount of $8,794.00 satisfies the requirements for authentication and identification as set forth in Federal Rule of Evidence 901(a).

17. That the previously produced bill from Dr. Choi Associates, LLC in the amount of $8,794.00 is fair, reasonable, and customary.

18. That the previously produced bill from Dr. Choi Associates, LLC in the amount of $8,794.00 is causally related to the subject motor vehicle accident.

19. That the Drive-Cam on Defendant's Metro-Bus was working on the date of the subject occurrence.

20. That the Drive-Cam on the Metro-Bus captured the events at issue in this matter.

21. That the copy of the Drive-Cam video from the Metro-Bus is an exact reproduction of the events of the subject occurrence.

22. That the copy of the Drive-Cam video from the Metro-Bus has not been altered, amended, or otherwise modified in any way from its original form.

23. That Defendant stipulates to the authenticity and admissibility of the Drive-Cam video from the Metro-Bus.

ECF No. 16-2 at 12-14.

## JURISDICTION AND VENUE

This court has original jurisdiction over this civil action based on Federal Question, 28 U.S.C. § 1331, specifically, pursuant to Section 81 of the WMATA Compact, Section 80 Stat. 1350, Pub. L. 89-774 (November 6, 1996), as outlined in Md. Code Ann., Transp. § 10-204(81), which states:

> The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against the Authority and to enforce subpoenas issued under this title. Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

Although the alleged motor vehicle accident occurred in the District of Columbia (Washington, D.C.), Ms. Jackson, a resident of Prince George's County, Maryland, initiated this lawsuit in the District Court of Maryland for Prince George's County. The only appropriate United States District Court this case can be removable to is this judicial district, the United States District Court for the District of Maryland.

## STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam*

*Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

On those issues where the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'[a] mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## DISCUSSION

Ms. Jackson argues her motion for summary judgment as to liability should be granted since WMATA failed to respond to her Requests for Admission. Since WMATA did not serve

answers or objections within 30 days of service, the matter in each request is deemed admitted. Request for Admission No. 4 (Patrick Adams, who failed to pay proper time and attention to the roadway, made a left-hand turn onto H Street and struck Plaintiff's vehicle) is admitted. This admission is consistent with Ms. Jackson's Answer to Interrogatory No. 5. Consequentially, there is no genuine dispute as to any material fact. Liability therefore is established. Ms. Jackson thus is entitled to judgment as to the issue of liability as a matter of law.

In its Opposition WMATA labels Ms. Jackson's motion on the basis of WMATA's failure to respond to Requests for Admission as a "quintessential example of 'gotcha' lawyering[.]" ECF No. 17 at 1. WMATA's counsel claims he inadvertently overlooked the e-mail from Ms. Jackson's counsel. "Nothing in the email indicated that the email contained a discovery request, nor was the email flagged for importance." *Id.* Rather than "gotcha" lawyering, WMATA's counsel claims Ms. Jackson should have initiated a conference of counsel as mandated by Local Rule 104.7 for discovery disputes. Since Ms. Jackson's counsel failed to abide by Local Rule 104.7, her motion for summary judgment should be denied. Moreover, since Ms. Jackson moved for summary judgment, WMATA has served its responses. "Plaintiff is in no way prejudiced by the delayed receipt of these responses. Indeed, the prejudice to WMATA would be severe if this motion would be granted, as WMATA would not have the opportunity to have the case heard on its merits." ECF No. 17 at 2. Finally, WMATA disputes the accident caused Ms. Jackson's injuries and disputes Ms. Jackson's medical bills are fair, reasonable, and causally related to the accident. A jury should decide these issues.

In her Reply Ms. Jackson notes WMATA has not presented any evidence which would constitute a genuine dispute of material fact. "Defendant has failed to provide any executed discovery response, affidavit from Patrick Adams, or any other evidence to contradict Plaintiff's

discovery response concerning the happening of the subject occurrence." ECF No. 20 at 3. Second, Ms. Jackson's counsel denies engaging in "gotcha lawyering." Ms. Jackson's Requests for Admission were served by two methods. "Defendant does not even address the fact that the Admissions were served via email *and* first-class mail as specified in the Certificate of Service. *See* Pl.'s Mem. Supp., Exh. 2. Accordingly, the service of Admissions was in full compliance with Fed. R. Civ. P. 5(b)(2)(C), (E)." *Id.* Third, Ms. Jackson argues Local Rule 104.7 does not govern responses to Admissions. "[T]he U.S. District Court for the District of Maryland has already concluded that a request for admissions is 'not a discovery tool in the truest sense, but, rather, is a procedure for obtaining admissions for the record of facts already known.'" *Id.* at 4 (quoting *Wigler v. Electronic Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985)). Therefore Ms. Jackson's counsel was not required to initiate a conference of counsel. Fourth, Ms. Jackson argues she would be prejudiced if this court allowed WMATA to withdraw its Admissions. She initiated her lawsuit in the District Court of Maryland for Prince George's County. Under that court's rules "Plaintiff would not be required to have any expert witness testimony concerning the reasonableness, fairness, or causal connection of her medical bills with the injuries sustained in the subject occurrence. Plaintiff would also not be required to establish the authenticity or admissibility of the medical bills." ECF No. 20 at 5. In reviewing Plaintiff's Complaint the court notes Ms. Jackson seeks damages in the amount of $30,000.00. *See* ECF No. 2 at 6. Despite the monetary value of this case, WMATA chose to remove the case from state court to federal court. Because there is no federal equivalent to the Maryland state rule (not requiring expert witness testimony regarding reasonableness, fairness, or causal connection of medical bills and not requiring the establishment of the authenticity or admissibility of medical bills), "Plaintiff will now have to bear the burden and expense of having expert witnesses testify to the

appropriateness of her medical bills and treatment." ECF No. 20 at 5. In short, if the court permits WMATA to withdraw its Admissions, "then Plaintiff will now be forced to secure certificates from custodians of records, ensure the appearance of her expert witnesses at a *de bene esse* deposition or trial, bear the cost of securing their appearance, and have them testify to conclusions which no contrary expert will dispute." *Id.* (footnote omitted). The court now turns to the issues raised by the parties.

*A.     Status of WMATA's Admissions*

Federal Rule of Civil Procedure 36(b) states in pertinent part, "[a] matter admitted under this rule *is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended*." Emphasis added. Presently, the matters in Ms. Jackson's twenty-three (23) Requests for Admission are conclusively established since WMATA has **not moved** for admissions to be withdrawn or amended.

WMATA concedes it served responses to Ms. Jackson's Requests for Admission more than 30 days *after* service. In accordance with Federal Rule of Civil Procedure 36(a)(3), "[a] matter *is admitted* unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Emphasis added.

If WMATA seeks to have its Admissions withdrawn or amended, WMATA must file the appropriate motion. In the motion WMATA must address the service of Ms. Jackson's Requests for Admission by <u>first-class mail</u>. WMATA must explain what procedures it has in place to log incoming discovery requests and explain what happened to Ms. Jackson's Requests for Admission served by first-class mail on August 23, 2016. The cover letter from Ms. Jackson's counsel to WMATA's counsel begins, "I am writing in regard to the above-referenced case.

Please find enclosed Plaintiff's Request for Admission of Facts and Genuineness of Documents." ECF No. 16-2 at 11.

B.     *Requests for Admission: Discovery or Not Discovery*

After reading *Wigler* the court finds Ms. Jackson's reliance on this case is misplaced. Although Judge Smalkin recognized that "Rule 36 is not a discovery tool in the truest sense, but, rather, is a procedure for obtaining admissions for the record of facts already known[,]" *Wigler*, 108 F.R.D. at 206, Judge Smalkin nonetheless referred to Rule 36 as a discovery tool, acknowledging that requests for admission "eliminate the need to prove facts which neither party disputes[,]" *id.,* and "*save* time and expense for all by narrowing the issues to be tried." *Id.* at 207.

Within the Table of Rules for the Federal Rules of Civil Procedure, Requests for Admission (Rule 36) is listed under <u>Title V. Disclosures and Discovery</u>. The scope and procedure of Rule 36 are defined in paragraph a.

> (a) Scope and Procedure.
>
> > (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> >
> > > (A) facts, the application of law to fact, or opinions about either; and
> >
> > > (B) the genuineness of any described documents.

Federal Rule of Civil Procedure 26(b)(1) concerns discovery scope in general. It is undisputed, based on the placement of Rule 36 within the Federal Rules of Civil Procedure, that requests for admission are discovery tools.

This conclusion is supported by this court's Local Rules. Guideline 9 of Appendix A addresses "Delay in Responding to Discovery Requests." Guideline 9(a) is entitled

"Interrogatories, Requests for Production of Documents, and *Requests for Admission of Fact and Genuineness of Documents*." Emphasis added.

Based on the above, the court finds Requests for Admission are discovery matters. Further, although a Rule 104.7 conference of counsel was not required because WMATA's failure to respond is not technically a "discovery dispute," Ms. Jackson's counsel should have called or e-mailed WMATA's counsel about the outstanding responses before filing the motion for summary judgment.

C.   *Genuine Dispute as to Any Material Fact*

Plaintiff asserts judgment on the issue of liability should be granted in her favor because there is no genuine dispute as to any material fact. Although WMATA did not oppose the motion with an affidavit, declaration, sworn answers, or excerpts of deposition testimony (since WMATA was challenging the motion on the basis of unanswered requests for admission), WMATA does not deny an accident occurred but disputes the accident caused Ms. Jackson's injuries. *See* ECF No. 17 at 2. Even if WMATA's non denial could be considered an admission as to liability, the court finds there are genuine disputes as to material fact. When comparing Ms. Jackson's Complaint with her Answer to Interrogatory No. 5, Ms. Jackson originally alleges her stopped car was struck from behind by a Metro Bus. *See* ECF No. 2 at 4 ¶ 6. However in answering Interrogatory No. 5, she declares her stopped car was struck when a Metro Bus was making a left turn. Second, the location of the accident scene shifts between the Complaint and her Answer to Interrogatory No. 5. According to the Complaint, Ms. Jackson's stopped car was at a traffic light on 2nd Street N.W. near the intersection of H Street, N.W. *See* ECF No. 2 at 4 ¶ 3. However in answering Interrogatory No. 5 Ms. Jackson asserts her car was stopped at a traffic

light on H Street, N.W., when the Metro Bus, traveling along 2nd Street, N.W. toward the intersection of 2nd and H Streets, N.W., made a left turn.

## CONCLUSION

For the foregoing reasons, the court finds there are genuine issues as to a material fact and thus Ms. Jackson is not entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 16) BE, and the same hereby IS, **DENIED WITHOUT PREJUDICE**.

 November 4, 2016                                                  /s/
           Date                                          WILLIAM CONNELLY
                                                    UNITED STATES MAGISTRATE JUDGE